MEMORANDUM *
Tranette Regina Evans appeals the district court’s denial of her motion to suppress, following which she entered a conditional guilty plea to using one or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2), and to committing aggravated identity theft, 18 U.S.C. § 1028A(a)(l). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
Evans’s appeal implicates the proper scope of a traffic stop. “A seizure that is justified solely by the interest in issuing a [...] ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission.” Illinois v. Caballes, 543 U.S. 405, 407, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005). An “officer’s inquiries into matters unrelated to the justification for the traffic stop *31 ... do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop.” Arizona v. Johnson, 555 U.S. 323, 129 S.Ct. 781, 788, 172 L.Ed.2d 694 (2009). Thus, during that period that it is reasonable, a police officer may lawfully request identification from a passenger in the car. See Hiibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt Cty., 542 U.S. 177, 185, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004) (“In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment.”). A police officer may also lawfully conduct a check on the passenger using his or her identification. See United States v. Diaz-Castaneda, 494 F.3d 1146, 1153 (9th Cir.2007) (“[T]here is no constitutional basis for complaint when the police properly obtain information located in a driver’s license or state ID card, and then use it to access additional non-private (but inculpatory) information about the document’s owner.”).
The police officer’s request for identification from Evans’s passenger and subsequent want/warrant check for her were therefore lawful. This inquiry occurred about five to six minutes after the initial traffic stop and took about three to five minutes to complete. The inquiry revealed that the passenger had an outstanding arrest warrant and was an Endangered Missing Adult in the National Missing Person Database, prompting the officers to arrest the passenger. The arrest of the passenger occurred about seven to eight minutes after the stop and took two to three minutes to complete. The duration of the stop, up to that point, was reasonable. See United States v. Turvin, 517 F.3d 1097, 1103 (9th Cir.2008) (“Rather than bright-line simplification, the Constitution requires a reasonableness analysis.”); id. at 1101 (fourteen minutes was “no longer than an ordinary traffic stop could reasonably take”). Because the events directed to the passenger did not “measurably extend the duration of the stop,” Johnson, 129 S.Ct. at 788, there was no additional seizure of Evans, the driver, within the meaning of the Fourth Amendment.
Nor was there an additional seizure of Evans when she was ordered out of the car. Pennsylvania v. Mimms, 434 U.S. 106, 111 n. 6, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (per curiam) (“[0]nce a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment’s proscription of unreasonable searches and seizures.”). Evans’s furtive movements when she was asked to do so, as well as her admission that she was trying to hide a pipe, provided the police officer with probable cause to search the car for drug paraphernalia. See United States v. Noster, 590 F.3d 624, 629-30 (9th Cir.2009) (“[P]robable cause exists where under the totality of the circumstances known to the officer, a prudent person would have concluded that there was a fair probability that the suspect had committed or was committing a crime.”), cert. denied, — U.S. —, 130 S.Ct. 2362, 176 L.Ed.2d 576 (2010). Once the officer found the pipe, noticed it had burn marks, and arrested Evans for possession of drug paraphernalia, the officer could lawfully search the car, including the passenger compartment, for additional contraband. See Arizona v. Gant, 556 U.S. 332, 129 S.Ct. 1710, 1719, 173 L.Ed.2d 485 (2009) (“[Circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is ‘reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.’ ”) (quoting Thornton v. United States, 541 U.S. 615, 632, 124 S.Ct. *32 2127, 158 L.Ed.2d 905 (2004) (Scalia, J., concurring in the judgment)); id. at 1721 (“If there is probable cause to believe a vehicle contains evidence of criminal activity, United States v. Ross, 456 U.S. 798, 820-821, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), authorizes a search of any area of the vehicle in which the evidence might be found.... Ross allows searches for evidence relevant to offenses other than the offense of arrest... .”).
In light of the foregoing, we need not address whether the fruits of the search would have been inevitably discovered pursuant to an inventory search.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.